Ricardo LUVIANO–BAUTISTA, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 00–70752.
I & NS. No. A13–624–607.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

Submitted Oct. 9, 2001.*

Decided Oct. 12, 2001.

Before BRUNETTI, RYMER, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Ricardo Luviano–Bautista, a native and citizen of Mexico, petitions for review of the final order of deportation entered by the Board of Immigration Appeals (BIA), affirming the determination that he was excludable at entry for lack of a valid immigrant visa. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and we deny the petition.

Luviano–Bautista argues that the BIA's finding of deportability was not supported, but he has failed to show that the evidence was so compelling that no reasonable factfinder could fail to find that he did not abandon his lawful permanent resident status. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). He left the United States for Mexico after escaping July 24, 1975 from the Federal Detention Center in Florence, Arizona where he was incarcerated. When interviewed by a special agent for the INS on February 8, 1990, Luviano–Bautista signed his name to an affidavit swearing that he had not left Mexico from 1975 until July of 1988. Luviano–Bautista's argument that he did not sign the affidavit fails in light of his counsel's admission that he had printed his name on the affidavit and that he did not deny making the statements therein. Moreover, forensics results indicated that Luviano's signature was the one on the affidavit. His visit to Mexico was not a temporary stay, and by his actions Luviano–Bautista abandoned his lawful permanent resident status. *Singh v. Reno,* 113 F.3d 1512 (9th Cir.1997); *Chavez–Ramirez v. INS,* 792 F.2d 932 (9th Cir.1986).

The IJ discredited Luviano–Bautista's evidence that he was present in the United States almost constantly from 1975–1988 and spent no more than two weeks in Mexico when his wife was sick or during the holidays. Luviano–Bautista contends that this is not fairly supported by the record, but we disagree. There is no evidence of where he lived or worked, and his witnesses were impeached by their lack of even superficial personal knowledge of him. All recanted at least part of their

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

affidavits. One admitted to swearing to whatever Luviano–Bautista wanted.

PETITION FOR REVIEW DENIED.